UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSE L. VELESACA and ABRAHAM CARLO UZATEGUI NAVARRO, on their own behalf and on behalf of others similarly situated,<br><br>     Petitioners-Plaintiffs,<br><br> v.<br><br>THOMAS R. DECKER, in his official capacity as New York Field Office Director for U.S. Immigration and Customs Enforcement; *et al.*,<br><br>     Respondents-Defendants. | No. 1:20-cv-1803 (AKH) |

## STIPULATED PROTECTIVE ORDER

### I. PURPOSES AND LIMITATIONS

All of the parties to this action (collectively the "Parties" and individually a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain nonpublic and confidential material that may be exchanged during the course of this case. The Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to potential discovery and that the protection it affords only extends to the limited information or items that are entitled, under the applicable legal principles, to confidential treatment. The Parties further acknowledge that this Protective Order does not create entitlement to file confidential information under seal.

### II. DEFINITIONS

 a. Challenging Party:  A Party that challenges the designation of information or items under this Protective Order.

 b. "CONFIDENTIAL" Information or Items:

1

1. Information, documents, or tangible things protected by the Privacy Act, 5 U.S.C. § 552a, *et seq*.

2. Personally identifiable information, and any information that is protected or restricted from disclosure by statute or regulation, but which the Court may order to be produced.

3. Information, documents or tangible things, which would be protected from disclosure under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, including under the exemption found at 5 U.S.C. § 552(b)(7)(E).

4. Sensitive information related to putative class members the release of which could constitute an invasion of privacy, including criminal and immigration records or medical records.

5. Information contained in or personally identifiable information (including, but not limited to, names and alien numbers) pertaining to an alien's applications for relief from removal or certain other immigration benefits.

6. Personally identifiable information and contact information of all federal government employees and non-federal government employees, including names and contact information.

7. Law enforcement sensitive information that would be protected from public disclosure under FOIA or subject to law-enforcement privilege or other restrictions on disclosure.

8. All other protected documents, information or tangible things not identified above that the parties agree in writing or the Court orders qualify for protection under Federal Rule of Civil Procedure 26(c).

2

9. If a designating party determines that information not described above should be designated "CONFIDENTIAL," the parties shall negotiate the appropriateness of that designation in good faith and endeavor to resolve any dispute prior to the production of that information.

c. <u>Designating Party</u>:  A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

d. <u>Disclosure or Discovery Material:</u>  All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

e. <u>Expert</u>:  A person with specialized knowledge or experience in a matter pertinent to the litigation who has been consulted or retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

f. <u>HIGHLY CONFIDENTIAL Information or Items</u>: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm to persons or ongoing investigations or operations, including but not limited to information which, if disclosed, could result in a party or material witness deciding not to testify out of fear of adverse immigration or criminal consequences.

g. <u>Individual Counsel:</u> attorneys who have been retained by the named plaintiff or a member of the plaintiff class.

h. <u>Non-Party</u>:  Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

      i.        <u>Party</u>:  Any party to this action.

      j.        <u>Producing Party</u>:  A Party or Non-Party that produces Disclosure or Discovery Material in this action.

      k.        <u>Professional Vendors</u>:  Persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

      l.        <u>Protected Material</u>:  Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL."

      m.      <u>Receiving Party</u>:  A Party that receives Disclosure or Discovery Material from a Producing Party.

**III.**      **SCOPE**

      a.        <u>Protection of Disclosure of Discovery Material and Material Derived Therefrom</u>.

The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Protective Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a

source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Aggregate information that does not permit the identification of the particular individuals to whom the information relates is not protected even if it is derived from source documents that are designated Protected Material.

The Parties do not waive their right to assert other or further privileges over Protected Material and redact such information. For instance, Defendants may withhold or redact information that is subject to a claim of privilege such as withholding classified national security information or withholding or redacting any other information subject to a claim of privilege or exemption from disclosure, including but not limited to the Deliberative Process Privilege, Law Enforcement Privilege, Attorney Client Privilege, or Attorney Work Product Doctrine.

    b.    <u>Authorization to Disclose Information Subject to the Privacy Act</u>.

This order authorizes federal agencies and their counsel to produce information that otherwise would be prohibited from disclosure under the Privacy Act, <u>5 U.S.C. § 552a</u>, without presenting Privacy Act objections to this Court for a decision regarding disclosure. To the extent the Privacy Act allows the disclosure of information pursuant to a court order, this Protective Order constitutes such a court order and authorizes the disclosure of that information. The terms of this Protective Order shall govern the safeguarding of such information. Nothing in this paragraph, however, shall require production of information that is prohibited from disclosure (even with the entry of this Order) by other applicable privileges, statutes, regulations, or authorities.

**IV.    DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Protective Order shall remain in effect until a Designating Party agrees otherwise in writing

or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law; or (3) termination of any settlement agreement that is signed by the parties and approved by the Court.

V.   DESIGNATING PROTECTED MATERIAL

   a.   Manner and Timing of Designations.

      (1)   In General, at the time of production, the Parties should use their best efforts to clearly designate protected material by labelling it "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL"; such label should be affixed to each page that contains protected material and shall not interfere with the legibility of the document. If only a portion or portions of the material on a page qualifies for protection, the designating Party also must clearly identify the protected portion(s). A Receiving Party may designate a document produced by another party as Protected Material if it believes in good faith that the document contains Protected Material. The Receiving Party shall label the page(s) that contain the protected material, clearly identify the protected portion(s), and deliver copies to Counsel of Record for all parties.

      (2)   For testimony given during a deposition, any Party may designate a deposition or portion thereof as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by doing so on the record at the deposition or by serving written notice of the page and line of the confidential deposition portions. Such designations must be made within fourteen (14) calendar days of receiving the final transcript. Until the aforesaid period to designate the deposition has passed, the entire transcript shall be deemed as Protected Material under the terms of this

Protective Order unless the Party waives designation in writing.  A Party may also orally designate testimony during the course of a deposition by making a statement to that effect, on the record at the deposition.  In this case, the court reporter shall transcribe the designated pages in a separate volume marked with the appropriate designation.  Any individual attending the deposition must leave the room prior to discussion of whether material is designable if that person is not authorized to view Protected Material under the terms of this Protective Order.  The disclosing party will have the right to exclude from attendance at the deposition, during such time as the confidential information is to be disclosed, any person other than the deponent, counsel (including their staff and associates), the court reporter, and any other persons(s) agreed upon.

  b. <u>Inadvertent Failures to Designate</u>.  If at any time prior to the trial of this action, a producing person realizes that some portion(s) of produced material that he, she, or it had previously produced without limitation should be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," he, she, or it may so designate by so apprising all prior recipients of the produced material in writing, and thereafter such designated portion(s) of the produced material will thereafter be deemed to be and treated as Protected Material under the terms of this Protective Order.  The Parties shall cooperate to retrieve disseminated copies and restore confidentiality of the inadvertently disclosed information to only those persons authorized to review such information pursuant to this Protective Order.  An inadvertent failure to designate qualified information or items does not waive the Designating Party's right to secure protection under this Protective Order for such material.

## VI. CHALLENGING CONFIDENTIALITY DESIGNATIONS

a. <u>Timing of Challenges</u>: Any Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

b. <u>Meet and Confer</u>: The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing with particularity the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.

c. <u>Judicial Intervention</u>: If the Parties cannot resolve a challenge without court intervention after a good-faith effort to resolve the disagreement, either the Designating or the Challenging Party may apply to the Court for a ruling that the Protected Material objected to shall (as applicable) be treated or not treated as Confidential or Highly Confidential. Until this Court enters an order determining the status of the information whose designation under this Protective Order is being objected to, such material shall be treated as designated under this Protective Order, unless the Parties otherwise agree by written stipulation.

## VII. ACCESS TO AND USE OF PROTECTED MATERIAL

a. <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation, and individual class members who are named in Protected Material may use information obtained from their individual alien file (A-file) in connection with their individual immigration proceedings.  Protected Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section XII(f) below ("Return of Documents").

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.

b. <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(1) Counsel of record in this action;

(2) Support staff employed full-time or part-time by counsel of record for a Party, provided such counsel deems the disclosure reasonably necessary for the conduct of this litigation;

(3) Where the information pertains to the named plaintiff or a member of the plaintiff class, to such person and to the individual counsel who has submitted a Form G-28 (Notice of Entry of Appearance as Attorney or Accredited Representative) or a Form EOIR-27 (Notice of Entry of Appearance as Attorney or Representative Before the Board of Immigration

Appeals) or Form EOIR-28 (Notice of Entry of Appearance as Attorney or Representative Before the Immigration Court) for such person, as well as prospective individual counsel for such person who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(4) The Parties to this action and those employees, officers, and directors of the parties who reasonably need access to the Confidential Information in connection with and to assist with the prosecution or defense of this action, and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(5) Experts (as defined in this Protective Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation. These experts and their associated staff shall use the Protected Material only for purposes of this litigation and shall execute an "Acknowledgment and Agreement to Be Bound" (Exhibit A) prior to receiving any Protected Material. All acknowledgement forms shall be forwarded to Counsel for the opposing Party upon execution;

(6) The Court (whether District or Appellate) and its personnel;

(7) Court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(8) During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must

be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order;

(9) The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(10) Any mediator who may be selected jointly by the parties to provide mediation services.

(c) <u>Disclosure of "HIGHLY CONFIDENTIAL" Information or Items.</u> Unless otherwise ordered by the Court or permitted in writing by a Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL" only to:

(1) Counsel of record in this action, as well as employees of said counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(2) Where the information pertains to the named plaintiff or a member of the plaintiff class, to such person and to the individual counsel for such person, as well as prospective individual counsel for such person who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(3) Experts (as defined in this Protective Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation. These experts and their associated staff shall use the Protected Material only for purposes of this litigation and shall execute an "Acknowledgment and Agreement to Be Bound" (Exhibit A) prior to receiving any Protected Material. All acknowledgement forms shall be forwarded to Counsel for the opposing Party upon execution;

(4) The Court (whether District or Appellate) and its personnel;

(5) Court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(6) The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

## VIII.  PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or court order issued in other litigation that compels disclosure of any information designated in this action as Protected Material that Party must:

a.  Notify the Designating Party in writing within ten (10) business days of service of the subpoena.  Such notification shall include a copy of the subpoena or court order;

b.  Notify in writing within ten (10) business days of service of the subpoena the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Protective Order; and

c.  Cooperate with respect to all reasonable procedures sought by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as Protected Material before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  Each party shall bear the burden and expense of seeking protection in that court of confidential material subject to this Protective Order in their possession.  Nothing in these provisions shall be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

IX. **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

    a.    The terms of this Order are applicable to information produced by a Non-Party in this action and designated as Protected Material. Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions shall be construed as prohibiting a Non-Party from seeking additional protections.

    b.    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

        (1)    Promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

        (2)    Promptly provide the Non-Party with a copy of the Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

        (3)    Make the information requested available for inspection by the Non-Party.

    c.    If the Non-Party fails to object or seek a protective order from this Court within fourteen (14) days of receiving the notice and accompanying information, the Producing Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Producing Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-

Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

X.     **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

XI.     **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). Pursuant to Federal Rule of Evidence 502, neither attorney-client privilege nor work product protection is waived by disclosure connected to this litigation.

XII.     **MISCELLANEOUS**

    a.     <u>Right to Further Relief</u>. Nothing in this Protective Order abridges the right of any person to seek its modification by the Court in the future.

    b.     <u>Right to Assert Other Objections</u>. Nothing in this Protective Order compels the production or disclosure of privileged material, prevents the producing party from making any objection or claim of privilege, or constitutes an admission or waiver of any claim, privilege, or

defense by the producing party.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

        c.        <u>Filing Protected Material</u>.  A Party that seeks to file under seal any Protected Material must comply with Rule 4 of this Court's Individual Rules.  The Parties will use their best efforts to minimize such sealing.  If a Party expects to use Protected Material in any public filing in this action, the non-designating party shall provide the Designating Party with sufficient opportunity to allow the parties to prepare a joint stipulation, or for the Designating Party to otherwise request that the Court exclude the information from the public record.

        d.        <u>Use at Court Proceeding</u>.  If a Party expects to use Protected Material at any hearing, trial, or appellate proceeding in this action, the non-designating party shall provide the Designating Party with sufficient opportunity to allow the parties to prepare a joint stipulation, or for the Designating Party to otherwise request that the Court exclude the information from the public record.

        e.        <u>Privileged Information</u>.  Information contained in any document produced in this litigation and subject to any legal privilege, including but not limited to attorney-client, deliberative process, and law enforcement privileges, will remain redacted after entry of this Protective Order.

        f.        <u>Return of Documents</u>.  Within sixty (60) days of the final disposition (as set forth in Section IV) of this action, all materials that continue to be designated as Protected Material and all copies thereof shall either be returned to the Producing Party or destroyed.  A Party who elects to destroy the copies shall submit a certification to the disclosing Party, attesting that all copies were destroyed, within fourteen (14) days of the destruction of the copies.  In no event may any materials that continue to be designated as Protected Material or any copies thereof –

obtained in connection with this litigation – be used in any other litigation or administrative action against a plaintiff, class member, or the federal government, its agencies or department, or any of its agents or officers in their official or individual capacity, except that an individual class member may use information pertaining to them from their individual alien file (A-file) in their individual immigration proceedings.  Nothing in this Protective Order shall limit or in any way restrict the use of information obtained outside of this litigation.  Notwithstanding this provision, Counsel are [] required to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section IV.

   g. <u>Government Use</u>.  Nothing in this Protective Order shall prevent the disclosures of Protected Material to government authorities for purposes of enforcement of criminal laws or in furtherance of civil enforcement or regulatory proceedings.

   h. <u>Violation</u>.  Any violation of this Protective Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or money sanctions.

*[remainder of this page intentionally blank]*

SO STIPULATED AND AGREED.

Dated: New York, New York
      June 30, 2020

*signature*

ROBERT HODGSON
CHRISTOPHER DUNN
MEGAN SALLOMI
New York Civil Liberties Foundation
125 Broad Street, 19th Floor
New York, N.Y. 10004
Tel: (212) 607-3300
rhodgson@nyclu.org

THOMAS SCOTT-RAILTON*
NIJI JAIN
JENN ROLNICK BORCHETTA
The Bronx Defenders
360 E. 161st Street
Bronx, N.Y. 10451
Tel: (718) 838-7878
njain@bronxdefenders.org

*Counsel for Petitioners-Plaintiffs*

Dated: New York, New York
      June 30, 2020

AUDREY STRAUSS
Acting United States Attorney for the
Southern District of New York

*signature*

BRANDON M. WATERMAN
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel: (212) 637-2741
brandon.waterman@usdoj.gov

*Counsel for Respondents-Defendants*

SO ORDERED.

Dated: New York, New York
      June ___, 2020

So ordered, as modified. See Section XII, paragraph F.

Alvin K. Hellerstein /s/
July 1, 2020
_____
ALVIN K. HELLERSTEIN
United States District Judge

---

* Law Graduate pending admission, practicing under supervision.

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSE L. VELESACA and ABRAHAM CARLO UZATEGUI NAVARRO, on their own behalf and on behalf of others similarly situated,<br><br>     Petitioners-Plaintiffs,<br><br>  v.<br><br>THOMAS R. DECKER, in his official capacity as New York Field Office Director for U.S. Immigration and Customs Enforcement; *et al.*,<br><br>     Respondents-Defendants. | No. 1:20-cv-1803 (AKH) |

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

  The undersigned hereby declares under penalty of perjury that he or she has read the Protective Order entered in the United States District Court for the Southern District of New York in the above-captioned action, understands its terms, and agrees to be bound by each of those terms.  Specifically, and without limitation, the undersigned agrees not to use or disclose any Protected Material made available to him or her other than in strict compliance with the Protective Order.  The undersigned acknowledges that his or her duties under the Protective Order shall survive termination of this case and are permanently binding, and that failure to comply with the terms of the Protective Order may result in the imposition of sanctions by the Court.  The undersigned further understands that he or she is submitting him or herself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder.

_____        _____

[Date]                   [Print Name]

                      _____

                      [Signature]