UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x

JOSE L. VELESACA AND ABRAHAM CARLO
UZATEGUI NAVARRO, on behalf of themselves
and on behalf of all others similarly situated,

                              Plaintiffs,

      -against-

THOMAS R. DECKER, in his official capacity as
New York Field Office Director for the U.S.
Immigration and Customs Enforcement, ET AL,

                              Defendants.
------------------------------------------------------------ X

**ORDER GRANTING MOTION TO ENFORCE THE SETTLEMENT AGREEMENT**

20 Civ. 1803 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

        Petitioner-Plaintiffs Jose Velesaca and Abraham Uzategui Navarro, on behalf of themselves and a class, brought the underlying action in February 2020, seeking to enjoin Immigration and Customs Enforcement (ICE)'s New York Field Office (NYFO)'s alleged "No-Release Policy," under which individuals detained under 8 U.S.C. § 1226(a) were, as a matter of policy and practice, denied bond or release without an individualized determination of whether detention was justified. I granted Plaintiffs' motion for a preliminary injunction on May 4, 2020, finding that Plaintiffs were "likely to succeed in proving the existence of the No-Release Policy." Opinion and Order Granting Preliminary Injunction at 26, ECF No. 78. The parties ultimately agreed to settle the case, and I signed the Stipulation and Order of Dismissal and Settlement on March 10, 2022. Plaintiffs now bring a motion to enforce that Settlement Order, claiming that Respondent-Defendants have violated it by maintaining the No-Release Policy. For the reasons below, the motion is granted.

1

Among the conditions of the Settlement Order, which applies to noncitizens arrested and detained under 8 U.S.C. § 1226(a), are that:

> ERO-NY [Enforcement and Removal Operations at the NYFO] agrees that it is required to provide individualized initial custody determinations to covered noncitizens . . . ERO-NY agrees that, consistent with applicable law and regulations, a covered noncitizen should be released (whether on recognizance, bond, or other conditions) if he or she establishes, on a case-by-case basis, to the officer's satisfaction that he or she does not present a danger to the community or a flight risk, including whether if one or more special vulnerabilities warrant release as a matter of discretion in light of the individual circumstances . . . ERO-NY agrees that it will not adopt a blanket "no-release" policy, *i.e.*, a policy of denying release to covered noncitizens without considering the individual circumstances in each case.

Stipulation and Order of Dismissal and Settlement, ECF No. 175. The Settlement Order is clear that the NYFO is obligated to conduct individualized determinations as to whether an arrested and detained noncitizen should be released. The Settlement Order also grants me the power to enforce its terms. *Id.* at ¶ 47.

The statistics indicate that the NYFO has not changed its policies or practices in any measurable way since the Settlement Order. My initial determination that a No-Release Policy likely existed was based on data indicating that in the period from June 2017 to September 2019, less than 2% of cases resulted in release and less than 0.1% had a bond set. ECF No. 78, at 24. These low rates were particularly striking when viewed in comparison to the rates in the period between January 2013 and June 2017, when about 16% of cases resulted in release and an additional 13% had a bond set. *Id.* The most recent data, compiled from the Initial Custody Determination worksheets that officers are required by the Settlement Order to complete, indicates that between March 2022, when the Settlement Order was issued, and

2

February 2025, only .8% of cases resulted in release and .4% had a bond set. Bolo Decl. ¶¶ 8-9, ECF No. 193.

Defendants profess that each case is reviewed individually and note that, pursuant to the Settlement Order, they implemented Initial Custody Determination worksheets which are filled out for each case. But testimony from NYFO Supervisory Detention and Deportation Officer Joseph Harrington and NYFO Director William Joyce indicates that aside from officers having to fill out paperwork and attend a one-time hour-long training, there were no other changes to custody determinations following the implementation of the Settlement Order. Bolo Decl. Ex. 4 (Deposition of Joseph Harrington), Tr. at 41:13, 49:2-23; Bolo Decl. Ex. 3 (Deposition of William Joyce), Tr. at 20:20-21, 51:10-19. At his deposition, Officer Harrington stated that the Settlement Order "only confirmed what we in the field office there always did." Bolo Decl. Ex. 4 (Deposition of Joseph Harrington), Tr. at 244:14-15. Merely filling out worksheets as a pro forma matter does not equate to carrying out the clear directive to make considered, individualized custody determinations. And the statistics bear out these admissions that no meaningful changes were implemented at the NYFO following the settlement.

Defendants also argue that worksheets were generally not filled out for covered noncitizens who were not detained, and that the release rate data presented by Plaintiffs is therefore skewed. But if that claim is true, then Defendants are in breach of the Settlement Order for failing to complete worksheets for all individuals covered by the Order.

Defendants' noncompliance goes to the heart of the Settlement Order, and as such is material. Defendants are directed to comply in full with the Settlement Order, and the parties are instructed to meet and confer regarding a compliance plan. Pursuant to the Settlement Order, the period of noncompliance, from the date the Notice of Dispute was received by Defendants

3

until the date the defect has been cured, tolls the three-year duration of the Settlement Order. ECF No. 175, at ¶ 53.

Plaintiffs' motion to seal is likewise granted. Plaintiffs shall publicly file redacted copies of their documents.

The Clerk is directed to terminate the open motions, ECF Nos. 191 and 194.

SO ORDERED.

Dated:  August 7, 2025
        New York, New York

ALVIN K. HELLERSTEIN
United States District Judge