UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- x
                                                      :
JOSE L. VELESACA AND ABRAHAM CARLO     :
UZATEGUI NAVARRO, on behalf of themselves  :        **ORDER DENYING MOTION TO**
and on behalf of all others similarly situated,       :        **ENFORCE WITH LEAVE TO**
                                                      :        **RENEW**
                              Plaintiffs,             :
                                                      :        20 Civ. 1803 (AKH)
         -against-                                    :
                                                      :
THOMAS R. DECKER, in his official capacity as   :
New York Field Office Director for the U.S.          :
Immigration and Customs Enforcement, ET AL,    :
                                                      :
                              Defendants.             :
-------------------------------------------------------------- X

ALVIN K. HELLERSTEIN, U.S.D.J.:

       Petitioner-Plaintiffs Jose Velesaca and Abraham Uzategui Navarro, on behalf of

themselves and others similarly situated, brought this underlying action in February 2020,

seeking to enjoin Immigration and Customs Enforcement (ICE)'s New York Field Office

(NYFO) from enforcing its "No-Release Policy." Under that policy, individuals detained under

8 U.S.C. § 1226(a) were, as a matter of policy and practice, denied bond or release without an

individualized determination of whether detention was justified. I granted Plaintiffs' motion for

a preliminary injunction on May 4, 2020, finding that Plaintiffs were "likely to succeed in

proving the existence of the No-Release Policy." ECF No. 78 at 26. The parties ultimately

settled the case, and I signed the Stipulation and Order of Dismissal and Settlement on March 10,

2022. *See* ECF No. 177. Under the settlement, Defendants agreed not to adopt a blanket "no-

release policy," to make individualized custody determinations for covered noncitizens detained

under § 1226(a), and that those covered noncitizens should be released "if he or she establishes,

on a case-by-case basis, to the officer's satisfaction that he or she does not present a danger to the

1

community or a flight risk … as a matter of discretion in light of the individual circumstances." *Id.*

On March 20, 2025, Plaintiffs filed a motion to enforce the settlement agreement, alleging Defendants had not complied with the agreement's requirement for individualized custody determinations and effectively had continued enforcing its "No-Release Policy." I granted Plaintiffs' motion to enforce the settlement agreement on August 7, 2025. *See* ECF Nos. 191, 206.

Plaintiffs now move for enforcement of that August 7, 2025 Order, in which I directed Defendants to "comply in full with the Settlement Order," and instructed the parties to "meet and confer regarding a compliance plan." ECF No. 206. Through their exchanges developing a compliance plan, the parties identified issues they believed required this Court's intervention and proposed a briefing schedule, which I affirmed. *See* ECF No. 213. Those issues arose in part from revised guidance issued by the Acting Director of ICE concerning detention authority for certain noncitizens, a position later reflected in the BIA's decision in *Matter of Yajure Hurtado,* as well as the Plaintiffs' position that compliance should be measured based on the percentage of covered noncitizens whom Defendants release. *See id.; Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025).

The Second Circuit's subsequent decision in *Barbosa da Cunha v. Freden* clarified the legal landscape. *See Barbosa da Cunha v. Freden*, No. 25-3141, 2026 WL 1146044 (2d Cir. Apr. 28, 2026). There, the Court of Appeals rejected the Government's interpretation that noncitizens who entered without inspection must be mandatorily detained under 8 U.S.C. § 1225, rather than governed by § 1226(a). *See id.* at *2. After the Second Circuit's issuance of that decision, the Government filed a supplemental submission stating that it had taken measures

2

to implement that decision in connection with the settlement in this case. *See* ECF No. 225. In that filing, the Government stated that it had "revised the training provided to officers in connection with the settlement agreement" and was in the process of performing custody determinations for all noncitizens in its custody who fall within the scope of the Second Circuit's decision. *Id.*

Because the motion was briefed before the issuance of *Barbosa da Cunha v. Freden*, and before Defendants implemented the revised procedures described in their supplemental submission, the dispute presented by the parties no longer reflects the current legal and factual landscape.

Accordingly, Plaintiffs' motion for enforcement of my August 7, 2025 Order is denied with leave to renew if Plaintiffs continue to dispute Defendants' compliance.

The Clerk is directed to terminate ECF No. 214.

SO ORDERED.

Dated:      June 10, 2026
            New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

3